FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH MARTIN PARISIEN,<br>ALAHNA RAE LEA TIMENTWA, and<br>GABRIEL ELAISE TIMENTWA,<br><br>Defendants. | No. 2:24-CR-00079-RLP-1, 2, 3<br><br>ORDER ON MOTION TO REVISIT FEDERAL JURISDICTION, MOTIONS IN LIMINE, AND MOTIONS TO EXCLUDE EXPERT TESTIMONY |

Before the Court are Defendant Joseph Martin Parisien's Motion to Revisit Federal Jurisdiction, ECF No. 101, Motion in Limine, ECF No. 100, and Motion to Exclude Expert Testimony. ECF No. 77. Also before the Court are the Government's Motions in Limine, ECF No. 102, and Motion to Exclude Expert Witness. ECF No. 141. A hearing on the motions occurred on April 13, 2026. At the hearing Mr. Parisien was represented by Steve Hormel and Michael Merritt; Alahna Rae Lea Timentwa was represented by Zachary Ayers; and Gabriel Dlaise

ORDER ON MOTION TO REVISIT FEDERAL JURISDICTION, MOTIONS IN LIMINE, AND MOTIONS TO EXCLUDE EXPERT TESTIMONY * 1

Timentwa was represented by Frank Cikutovich. Assistant United States Attorneys

Michael Ellis and Nowles Heinrich appeared on behalf of the Government.

**IT IS ORDERED:**

1. Mr. Parisien's Motion for Reconsideration of this Court's order on motion to dismiss, **ECF No. 101**, is **DENIED.** This Court's prior order, ECF No. 93, found federal jurisdiction under 18 U.S.C. § 1151(a) and (b). The motion for reconsideration only addresses § 1151(a). Thus, even if the Court were to find Mr. Parisien's current arguments persuasive, the Court's ruling would remain the same. But the Court does not find Mr. Parisien's arguments persuasive. While in *Cheyenne-Arapaho Tribes of Oklahoma v. State of Okl.*, 618 F.2d 665 (10th Cir. 1980), and *United States v. John*, 437 U.S. 634, 98 S.Ct. 2541 (1978), the trust lands in question were previously held by the respective tribes, neither case turned on this fact. Therefore, that distinction is immaterial.

2. Mr. Parisien's Motion in Limine, **ECF No. 100**, is **GRANTED**. The Government is prohibited from referencing Mr. Parisien's supervised release status at trial. Should Mr. Parisien's supervised release status become relevant at trial, the Government may seek reconsideration of this ruling outside the presence of the jury.

3. The Governments' Motions in Limine, **ECF No. 102**, are **GRANTED in part and RESERVED in part**. The Court **GRANTS** the Government's motion

ORDER ON MOTION TO REVISIT FEDERAL JURISDICTION, MOTIONS IN LIMINE, AND MOTIONS TO EXCLUDE EXPERT TESTIMONY * 2

to exclude any arguments suggesting the Spokane Tribe Casino is not within Indian Country, consistent with the Court's order on Mr. Parisien's Motion to Dismiss. *See* ECF No. 93. The Court **RESERVES** ruling on the Government's remaining motions in limine pending briefing from Defendants as to whether they intend to contest the use of an instrumentality of interstate commerce, or whether they intend to assert a duress defense.

    4.    The Court **RESERVES** ruling on Mr. Parisien's Motions to Exclude Expert Testimony, **ECF No. 77**, and the Government's Motion to Exclude Expert Witness, **ECF No. 141**. At the *Daubert* hearing held on April 13, 2026, both parties' expert witnesses testified that for counterintuitive behavior to be present, a victim of domestic violence needed some prior exposure to coercive control or abuse. The record shows some indication A.P. was previously exposed to violence. The Court therefore finds that the experts' testimony may become relevant and helpful to the jury should sufficient evidence of counterintuitive behavior and prior exposure to coercive control or abuse be presented at trial. For that reason, the Court **RESERVES** ruling on the parties' motions to exclude pending the presentation of this evidence. The Court cautions both parties that expert witnesses will not be permitted to opine on the evidence in this case or as to the credibility of witnesses, including whether A.P. exhibited counterintuitive behavior.

//

ORDER ON MOTION TO REVISIT FEDERAL JURISDICTION, MOTIONS IN LIMINE, AND MOTIONS TO EXCLUDE EXPERT TESTIMONY * 3

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies to counsel.

DATED April 13, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO REVISIT FEDERAL JURISDICTION, MOTIONS IN LIMINE, AND MOTIONS TO EXCLUDE EXPERT TESTIMONY * 4